UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ASHLEY MILLER, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ECONOMY PREFERRED INSURANCE COMPANY and FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN,<br><br>Defendants. | No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>(Pierce County Superior Court, Case No. 25-2-07995-9) |

Defendants Economy Preferred Insurance Company ("**Economy**") and Foremost Insurance Company Grand Rapids, Michigan ("**Foremost**") (collectively, "**Defendants**") hereby remove to this Court the state action described below. This removal is proper under 28 U.S.C. §§ 1332, 1441, 1446, and 1367 because there is complete diversity between Plaintiff Ashley Miller ("**Miller**") and Defendants, and Miller's claim exceeds $75,000. Removal also is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(a), (b), 1446, and 1453 because there is minimal diversity between the putative class members and Defendants, more than 100 putative class members, and an amount in controversy in excess of $5,000,000. In support of this Notice of Removal, Defendants state as follows:

NOTICE OF REMOVAL - 1

1.      On April 28, 2025, Miller filed this putative class action alleging that Defendants failed to pay insureds for diminished value under their Underinsured Motorist Property Damage ("**UMPD**") coverage in the State of Washington, and that Defendants' failure to pay for that type of loss breached its contract with policyholders and members of the putative class and violated state law. *See* Am. Compl. ¶¶ 6.1-6.4. Miller also alleges that Economy denied her diminished value claim under her UMPD coverage, in violation of the Washington Consumer Protection Act ("**CPA**"). *See id*. at ¶¶ 6.5-6.7.

2.      Miller seeks to prosecute this action on behalf of a putative class consisting of:

> All ECONOMY PREFERRED INSURANCE COMPANY and FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN insureds with Washington policies issued in Washington State, where the insureds' vehicle damages were covered under Underinsured Motorist coverage, and
>
> 1. the repair estimates on the vehicle (including any supplements) totaled at least $1,000; and
> 2. the vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident; and
> 3. the vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.

*Id.* at ¶ 5.3.  Miller excludes from the proposed class "(a) claims involving leased vehicles or total losses, and (b) the assigned judge, the judge's staff and family." *Id.*

3.      On the class claim for breach of contract, Miller claims to seek to recover the difference between the insured vehicle's pre-loss market value and its market value as a repaired vehicle after the accident, plus costs of suit, statutory attorneys' fees, and post-judgment interest. *Id.* at ¶ 71. On her individual claim for violation of the CPA, Miller seeks to recover monetary damages together with treble damages and her attorneys' fees and costs. *Id*.

4.      This action was filed in the Superior Court of the State of Washington in and for the County of Pierce, entitled *Ashley Miller, individually, and on behalf of those similarly situated v. Economy Preferred Insurance Company and Foremost Insurance Company Grand Rapids, Michigan*, Case No. 25-2-07995-09 (the "Action").

NOTICE OF REMOVAL - 2

5. The Action names two defendants: Economy and Foremost. As stated below, neither company is a citizen of Washington.

6. Defendants accepted service of Miller's Amended Complaint on or about May 14, 2025. True and correct copies of the Amended Complaint and acceptance of service, together with all process, pleadings, and orders served upon Defendants, are attached hereto as **Exhibit A** to the Declaration of Jenna M. Poligo ("**Poligo Decl**."). These documents constitute the entirety of the "process, pleadings, and orders" that were served upon Defendants in the state court action as required by 28 U.S.C. § 1446(a) and Local Rule 101(c).

**TIMELINESS OF REMOVAL**

7. This removal is timely because Defendants accepted service of Miller's Amended Complaint on May 14, 2025, not more than 30 days ago. *See* 28 U.S.C. § 1446(b).

**NOTICE OF REMOVAL**

8. As required by 28 U.S.C. §1446(b), Defendants are filing this Notice of Removal within thirty (30) days of receipt and service of the Amended Complaint. Defendants are contemporaneously serving a copy of this Notice upon all parties and the Clerk of the Pierce County Superior Court, with instructions to proceed no further unless this case is remanded.

**JURISDICTION**

**A. Diversity Jurisdiction Under 28 U.S.C. § 1332(a)(1)**

9. This action is removable to this Court, and this Court has jurisdiction, because this suit satisfies all the requirements of 28 U.S.C. §§ 1332(a)(1), 1441(b), and 1446. There is complete diversity between Miller and Defendants and the amount in controversy exceeds $75,000, exclusive of costs and interest. Further, removal to this judicial district and division is proper under 28 U.S.C. § 1441(a), as this District and Division embraces Pierce County, Washington, the venue identified in Miller's Amended Complaint.

10. Federal courts may exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over the claims of the proposed class members where complete diversity of citizenship

NOTICE OF REMOVAL - 3

129045343.8 0045556-00245

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

exists between the named parties and the named plaintiff's claim satisfies the amount-in-controversy requirement of $75,000. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 549 (2005); *Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002) (acknowledging rule that "nonnamed class members cannot defeat complete diversity" because the "[e]ase of administration of class actions would be compromised by having to consider the citizenship of all class members, many of whom may even be unknown, in determining jurisdiction"). There is complete diversity between Miller and Defendants and Miller's claim meets the amount-in-controversy requirement of $75,000, as detailed below. Thus, this Court has supplemental jurisdiction over the proposed class members' claims.

11. **Complete diversity exists**. Complete diversity of citizenship is present in this action, as demonstrated by the following:

   a. Miller is a resident of Pierce County, Washington. *See* Am. Compl., ¶ 2.2. She is thus a citizen of Washington for purposes of diversity jurisdiction.

   b. Economy is an Illinois stock company organized under the laws of the state of Illinois with its principal place of business in California. Thus, Economy is a citizen of Illinois and California for purposes of diversity jurisdiction.

   c. Foremost is organized under the laws of the state of Michigan with its principal place of business in Michigan. Thus, Foremost is a citizen of Michigan for purposes of diversity jurisdiction.

12. **The amount in controversy exceeds $75,000**. The amount in controversy for Miller's claim exceeds $75,000.

13. In addition to compensatory damages, a claim for attorneys' fees is included in the amount in controversy, regardless of whether the fee award is mandatory or discretionary. *Galt G/X v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1999). Treble damages sought under the CPA also are included in the calculation of damages for diversity jurisdiction. *See, e.g., Ten Bridges, LLC v. Midas Mulligan, LLC*, 522 F.Supp.3d 856 (W.D. Wash. Feb. 25, 2021).

NOTICE OF REMOVAL - 4

14. In an effort to preemptively defeat diversity jurisdiction, Miller alleges that she "expressly disclaims any recovery for herself of more than $74,999.99, and will decline, and expressly states she will not collect any recovery over $74,999.99 for herself based upon her combined causes of action…to include any attorneys' fees and costs…." Am. Compl., ¶ 2.3. However, Miller's claim that she will not accept damages, including attorneys' fees, exceeding $74,999.99 is meaningless for purposes of determining diversity jurisdiction because it is not binding on her ultimate potential recovery.

15. A plaintiff cannot avoid federal diversity jurisdiction by trying to limit her potential recovery in her complaint. *See, e.g.*, *Dunn v. Pepsi-Cola Metropolitan Bottling Co. Inc.*, 850 F. Supp. 853, 855 (N.D. Cal. Apr. 10, 1994) ("in states that do not recognize an ad damnum clause as an enforceable limit on plaintiff's ultimate recovery, the principle that a party may defeat removal by limiting the claim to less than the required amount would have no application"). A stipulation to the amount in controversy must be legally binding on Miller to have any bearing on jurisdiction, and Miller **did not** file any such binding stipulation with her Amended Complaint to seek a penny less than $75,000. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595-96 (2013) (acknowledging that the "essential feature" of stipulations to the amount in controversy "is that they are legally binding on all plaintiffs"). Therefore, Miller's non-binding allegation that she will not accept more than $74,999.99 does not defeat diversity jurisdiction.

16. Nor can Miller enter a binding stipulation *after* removal to not accept more than $74,999.99 to remand this case to state court. The amount-in-controversy is determined at the time of removal. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). The U.S. Supreme Court has long held that post-removal events that reduce the amount in controversy have no impact on a federal court's jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). Accordingly, a post-removal stipulation to reduce damages below the threshold amount is not sufficient to overcome diversity jurisdiction. *See Hargis v. Access Capital Funding, LLC*, 674 F.3d 783 (8th Cir. 2012); *Werwinski v. Ford Motor Co.*, 286 F.3d 661 (3rd Cir. 2002);

NOTICE OF REMOVAL - 5

*De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995), *Matter of Shell Oil Co.*, 970 F.2d 355 (7th Cir. 1992); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000); *see also McDaniel v. Garmin, Ltd.*, No. 12-2243RAJ, 2013 WL 1163795, at *3 (W.D. Wash. Mar. 18, 2013) ("a post-removal stipulation to seek damages below the jurisdictional amount is insufficient"); *Burke Family Living Trust v. Metropolitan Life Ins. Co.*, No. 09-5388FDB, 2009 WL 2947196, at *3 (W.D. Wash. Sept. 11, 2009) ("post-removal declarations, stipulations or other events that reduce the amount recoverable, whether beyond the plaintiff's control or the result of plaintiff's own volition, do not oust a court's jurisdiction once it has attached"); *Ballard v. Corinthian Colleges, Inc.*, No. 06-5256FDB, 2006 WL 1806190 (W.D. Wash. June 28, 2006).

17.  Miller's potential recovery is much higher than $74,999.99. Miller strategically does not specify the amount she seeks in individual damages but alleges monetary damages in the amount of the difference between her vehicle's pre-loss market value and its market value as a repaired vehicle after the accident. *See* Am. Compl. ¶ 7.1. She also seeks treble damages and an award of attorneys' fees for her individual CPA claim. *Id*. Miller "submitted a claim for diminished value, along with an estimate of her loss from an appraiser in March 2025." *Id*. ¶ 1.1. Although not alleged, in fact, Miller demanded $5,442 in diminished value from Economy. Miller further claims that her damages may increase if it is determined that the repairs to her vehicle were not up to industry standards. *See id*. at 4 fn. 2 ("Plaintiff notes that if the vehicle also has improper repair, or incomplete repair, it might result in <u>additional</u> loss in market value beyond the diminished value.") (emphasis in original). At a minimum, Miller seeks $5,442 in compensatory diminished value damages and $16,326 in treble damages, totaling $21,768, exclusive of attorneys' fees.

18.  Setting aside Miller's potential award of damages, Miller's potential recovery in attorneys' fees alone will exceed $75,000. "In determining the amount in controversy, the court may consider damage requests and awards in similar cases." *Ballard*, 2006 WL 1806190, at *2 (citing *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)). Based on attorney fee

NOTICE OF REMOVAL - 6

petitions and awards in other similar individual actions pursued by Miller's attorneys for diminished value against other insurers, counsel will bill substantially more than 70 hours to take Miller's individual claims to judgment, at rates between $500 and $1,100 per hour, and far in excess of $75,000.

      a.     In *Hessler v. Progressive Casualty Insurance*, Pierce County Superior Court, Case No. 22-2-09668-9, Miller's attorney Scott P. Nealey billed 26.7 hours on ***one*** motion to compel discovery. Poligo Decl., Ex. B at 4. In the declaration attached to counsel's recent fee petition, Mr. Nealey declared that his billing rate for 2024 was $1,100.00 per hour. *Id*. Miller's other attorney, Stephen M. Hansen, billed 11.75 hours related to the same single motion to compel, at a lesser rate of $500.00 per hour, for a total of 38.45 hours between them. *Id*., Ex. C at 2. Mr. Nealey's and Mr. Hansen's claimed fees for one motion to compel totaled $35,245.00.

      b.     In *Pacheco v. Oregon Mutual Insurance*, Washington State Court of Appeals Div. I, Case No. 77525-1-1, Mr. Nealey and Mr. Hansen, along with a third attorney, Mr. Veillon, sought $47,527.50 for an individual diminished value claim that was adjudicated on summary judgment in 2019. *Id*., Ex. B at 6. Mr. Nealey billed 24 hours at a rate of $925 per hour (his 2018 rate) and 6.85 hours at a rate of $950 per hour (his 2019 rate), for a total of 30.85 hours. *Id*. at 7. Mr. Hansen billed 11 hours at a rate of $500 per hour. *Id*. Mr. Veillon billed 29.6 hours at a rate of $450.00 per hour. *Id*. The three attorneys spent a combined total of 71.45 hours to adjudicate a contractual issue on summary judgment. *Id*.

      c.     In a companion case, *Cheban v. State Farm Insurance*, Mr. Nealey, Mr. Hansen, and Mr. Veillon billed $44,962.50. *Id*. at 9. Mr. Nealey billed 19.8 hours at a rate of $925 per hour (his 2018 rate) and 8.15 hours at a rate of $950 per hour (his 2019 rate). *Id*. Mr. Hansen billed 16 hours at a rate of $500 per hour, and Mr. Veillon billed 23.6 hours

NOTICE OF REMOVAL - 7

1  at a rate of $450 per hour. *Id*. The three attorneys spent a combined total of 67.55 hours
2  on this case just through summary judgment, without taking the case to trial. *Id*.

3      19.    Given the foregoing, Mr. Nealey and Mr. Hansen will reasonably spend far more
4  than 70 hours on Miller's case, and at Mr. Nealey's normal billing rate (as of 2024) of $1,100 per
5  hour, fees alone will reasonably exceed $75,000.

6      20.    Indeed, counsel for the parties are currently litigating a similar diminished value
7  action in Pierce County Superior Court, *Mitchell v. Farmers Insurance Company of Washington*,
8  Pierce County Superior Court, Case No. 23-2-11357-3. Since the matter was filed, the parties have
9  engaged in preliminary motions practice, exchanged written discovery and engaged in discovery
10  motions practice, taken four depositions, exchanged expert reports, filed class certification
11  briefing, and are currently scheduling further expert depositions. Poligo Decl. ¶ 5. To date,
12  undersigned counsel has spent 1,662.6 hours litigating that case, and no class has been certified.
13  *Id*. If Miller's counsel spends even a fraction of those hours on this substantially identical case,
14  their fees will have far exceeded $75,000 before a decision on class certification.

15      21.    In sum, the amount in controversy for compensatory damages, including treble
16  damages and attorneys' fees, for Miller's claims exceeds $75,000, thus satisfying the minimum
17  jurisdictional requirement of 28 U.S.C. § 1332(a).

18  **B. Jurisdiction Under the Class Action Fairness Act ("CAFA")**

19      22.    Separately, this action is removable to this Court, and this Court has jurisdiction,
20  because this suit satisfies all the requirements for removal under CAFA, 28 U.S.C. §§ 1332(d),
21  1441(a), 1453, and 1446. This is a putative class action with more than 100 class members, there
22  is minimal diversity, and the total amount in controversy exceeds $5,000,000, exclusive of interest
23  and costs. *See* 28 U.S.C. § 1332(d)(2), (6). Further, removal to this judicial district and division is

NOTICE OF REMOVAL - 8

proper under 28 U.S.C. § 1441(a), as this District and Division embraces Pierce County, Washington, the venue identified in Miller's filed Amended Complaint.

23. **Minimal diversity exists.** At least one putative class member is a citizen of a different state than one of the defendants. As discussed above, Miller is a citizen of Washington and Defendants are citizens of Michigan, Illinois, and California for purposes of diversity jurisdiction. Minimum diversity of citizenship exists for this Court to have original jurisdiction under 28 U.S.C. § 1332(d)(2)(A).

24. **The putative class exceeds 100 members.** The Action qualifies as a "class action" for purposes of CAFA because it was filed as a class action pursuant to Washington law, namely Washington Civil Rule 23. 28 U.S.C. § 1332(d)(1)(B). Further, as pleaded, the class far exceeds the 100 persons required by 28 U.S.C § 1332(d)(5)(B). Miller alleges that there are at least 745 putative class members. Am. Compl. ¶ 2.5. Defendants' records indicate that there are 994 claims that may fit within Miller's class definition. Poligo Decl. ¶ 6.

25. **The amount in controversy exceeds $5 million.** The aggregate amount in controversy exceeds $5,000,000 for the alleged putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

26. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If challenged, the Court must determine the amount in controversy pursuant to CAFA by a preponderance of the evidence without a presumption against removal. *Id*. at 89. Logical extrapolations of the amounts at issue justify CAFA removal. *See LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) ("[W]e conclude that Knight has produced sufficient evidence to establish by a preponderance of the evidence that the amount in controversy exceeds $5 million. We also conclude that the chain of reasoning and its underlying assumption to extrapolate fuel costs for the entire class period using the actual invoiced fuel costs of one quarter are reasonable[.]"). Judge Leighton applied these principles to a substantively

NOTICE OF REMOVAL - 9

129045343.8 0045556-00245

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

1  identical suit brought by Miller's counsel. *Dawsey v. Travelers Indem. Co.*, No. 3:15-CV-05188-RBL, 2015 WL 4394545, at *2 (W.D. Wash. July 16, 2015) ("The appropriate measure of the amount in controversy must be based on reasonable assumption."). Judge Settle did the same and was affirmed by the Ninth Circuit. *See Kleinsasser v. Progressive Direct Ins. Co.*, No. 21-35351, 2022 WL 822192, at *1 (9th Cir. Mar. 18, 2022) ("And after evaluating all the evidence and rejecting Siskin's regression model as outdated and flawed, the court reasonably concluded that Progressive submitted the best and most reliable evidence and that the average claim value should be $4,198.25. Because the potential number of claims times the average claim amount equaled $13,883,612.75, the court did not err in finding subject matter jurisdiction.").

27. Miller alleges that Defendants failed to pay for diminished value on property damage for Underinsured Motorist coverage claims and seeks to recover, on behalf of the class, "payment of the difference between the insured vehicle's pre-loss market value and its market value as a repaired vehicle after the accident." Am. Compl. ¶ 7.1. Miller alleges that the proposed class will include approximately 745 claims and "there will be approximately $1,158 per claim in compensatory damage on average for the claims within the proposed class." *Id.* ¶ 2.6. Thus, Miller alleges compensatory damages of approximately $862,710. *Id.* ¶ 2.7. Defendants' records, however, show that there are at least 994 claims that may fit within the class definition, Poligo Decl. ¶ 6, and Plaintiff's allegation of damages of "$1,158 per claim" does not set the upper limit on potential damages for determining the amount in controversy under CAFA.

28. Nearly seven years ago, Judge Settle rejected Plaintiff's claim that the average class claim was $1,158 and, in denying a motion to remand a nearly identical putative class action, found that the average diminished value claim was $4,198.25. *Kleinsasser v. Progressive Direct Ins. Co.*, No. C17-5499 BHS, 2018 WL 3471185, at *11 (W.D. Wash. July 19, 2018). Judge Settle's findings were subsequently affirmed by the Ninth Circuit. *See Kleinsasser*, 2022 WL 822192. Adjusting Judge Settle's 2018 finding for inflation, the average claim in 2025 would be $5,363.36. Multiplied by the potential 994 claims in this case, the amount in controversy is $5,331,179.84.

NOTICE OF REMOVAL - 10

1    29.    Since Judge Settle issued his ruling in 2018, recent jury awards for diminished value claims brought by Miller's counsel in this District have shown that the average damages for a diminished value claim are even higher—between $6,000 and $7,000.[1] In *Van Tassel, et al. v. State Farm Mutual Automobile Insurance Co.*, United States District Court for the Western District of Washington, Case No. C15-5508-BHS, Miller's counsel secured awards for two individual plaintiffs in the amount of $7,800.00 and $6,083.87, respectively, for their diminished value claims. Poligo Decl., Ex. D at 2. Taking the average of those two jury awards ($6,941) and multiplying that average by 994 potential claims at issue in this case, the aggregate damages would be $6,899,354.

30.    Miller herself claimed a similar amount of diminished value to her vehicle, demanding $5,442 from Economy. *Id*., Ex. E at 2. Taking Plaintiff at her word that her claim is "typical" of the proposed class, Am. Compl. ¶ 5.5, and multiplying her claimed diminished value of $5,442 by the 994 potential class claims results in an amount in controversy of $5,409,348.

31.    Accordingly, under any reasonable measure—Judge Settle's *Kleinsasser* finding adjusted for inflation, recent jury verdicts in *Van Tassel*, or Miller's own diminished value claim— the potential class wide damages are much higher than Miller alleges and easily in excess of $5 million.

32.    By contrast, Miller's "average" damage amount for each class member is based on a more than 20-year-old model that this District has rejected as outdated and a poor fit for modern cases. *See Hessler v. Progressive Casualty Ins. Co.*, No. 22-cv-05904-RBJ, Slip Op. at 8 (W.D. Wash. Feb. 15, 2023) ("The confusion with Dr. Siskin's report, and the age of some of his input, make his report unintelligible when trying to fit his conclusions with the demands of the proposed class and the prayer in the Complaint. His report is not admissible under summary judgment standards."); *Assaf v. Progressive Direct Ins. Co.*, No. C19-6209 BHS, 2023 WL

---

[1] Adjusted for inflation, the range in 2025 is more likely $7,400 to $8,600.

NOTICE OF REMOVAL - 11

1  5609208, at *6 (W.D. Wash. Aug. 30, 2023) (rejecting Dr. Siskin's model as "outdated" and a "'poor fit' factually for a diminished value case involving vehicles that are much newer than the newest car in his underlying database"); *Kleinsasser v. Progressive Direct Ins. Co.*, No. C17-5499 BHS, 2018 WL 3471185, at *10 (W.D. Wash. July 19, 2018) ("Siskin's model is outdated and a poor fit for current cases.").

33. In addition, Miller's allegation that the class members' average damages claim will be $1,158 and thus the total compensatory damages will not exceed $862,710 is of little weight because she cannot bind class members on the amount in controversy. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013) (holding that the plaintiff "lacked the authority to concede the amount-in-controversy issue for the absent class members" and the district court erred in relying on the stipulation.); *see also* Am. Compl. ¶¶ 2.6, 2.7.

34. Attorney fees also are part of the amount in controversy calculation for the class breach-of-contract claim.  Miller's counsel brought a nearly identical case before this Court ten years ago. In that case, Judge Leighton observed that this Circuit has established "25% of the common fund as a benchmark award for attorney's fees." *Dawsey*, 2015 WL 4394545, at *3. Miller's counsel further acknowledged in that case that under the lodestar rate, counsel's fees would have exceeded $750,000.  *Id*.  This, on top of any reasonable measure of possible recoverable damages, easily pushes the amount in controversy above $5 million.

35. **None of the exceptions to CAFA jurisdiction apply.** Defendants are not citizens of Washington, so the CAFA exceptions do not apply. *See* 28 U.S.C. § 1332(d)(3)-(4). In addition, the Action does not involve those claims identified in the CAFA exception found at 28 U.S.C. § 1332(d)(9).

36. Accordingly, because all CAFA requirements are met and the exceptions do not apply, this case is properly removable under CAFA.

37. Defendants do not hereby waive, and instead specifically reserve, any and all defenses and affirmative defenses to Miller's action.

NOTICE OF REMOVAL - 12

1  WHEREFORE, Defendants hereby remove this case to the U.S. District Court for the
2  Western District of Washington at Tacoma pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453
3  and Defendants respectfully request that all further proceedings in this Action be conducted as
4  provided by law.

DATED: June 12, 2025.

STOEL RIVES LLP

*s/ Timothy W. Snider*
Timothy W. Snider, WSBA No. 39808

*s/ Jenna M. Poligo*
Jenna M. Poligo, WSBA No. 54466

*s/ Sara J. Wadsworth*
Sara J. Wadsworth, WSBA No. 55952

*s/ Alissa N. Harris*
Alissa N. Harris, WSBA No. 59368
600 University Street, Ste. 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500
Email:  timothy.snider@stoel.com
jenna.poligo@stoel.com
sara.wadsworth@stoel.com
ali.harris@stoel.com

*Attorneys for Defendants Economy Preferred Insurance Company and Foremost Insurance Company Grand Rapids, Michigan*

NOTICE OF REMOVAL - 13

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to steve@stephenmhansenlaw.com and snealey@nealeylaw.com.

DATED: June 12, 2025.

STOEL RIVES LLP

*s/ Timothy W. Snider*
Timothy W. Snider, WSBA No. 39808
Jenna M. Poligo, WSBA No. 54466
Sara J. Wadsworth, WSBA No. 55952
Alissa N. Harris, WSBA No. 59368
600 University Street, Ste. 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500
Email: timothy.snider@stoel.com
jenna.poligo@stoel.com
sara.wadsworth@stoel.com
ali.harris@stoel.com

*Attorneys for Defendants Economy Preferred Insurance Company and Foremost Insurance Company Grand Rapids, Michigan*

CERTIFICATE OF SERVICE - 1