UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ASHLEY MILLER,<br><br>                         Plaintiff,<br><br>          v.<br><br>ECONOMY PREFERRED INSURANCE COMPANY, *et al.*,<br><br>                         Defendants. | CASE NO. 3:25-cv-05518-GJL<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 8. On November 10, 2025, the Court denied Plaintiff's Motion to Remand. *See* Dkt. 27. On November 20, 2025, Plaintiff filed a Motion for Reconsideration of the Court's Order on Plaintiff's Motion to Remand. Dkt. 29. For the reasons set forth below, Plaintiff's Motion for Reconsideration is **DENIED**.

Motions for reconsideration are generally disfavored. *See* Local Civil Rule 7(h)(1). Reconsideration is appropriate only where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's]

attention earlier with reasonable diligence." *Id.* "A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Premier Harvest LLC v. AXIS Surplus Ins. Co.*, No. C17-0784-JCC, 2017 WL 6372474, at *1 (W.D. Wash. Dec. 13, 2017) (quoting *U.S. v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)). Whether to grant or deny a motion for reconsideration is within the sound discretion of the Court. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citation omitted).

In this case, Plaintiff seeks reconsideration of two issues: (1) the amount of potentially recoverable *Olympic Steamship* attorney's fees and (2) the estimated value-per-claim amount for class members. Plaintiff has not cited new facts or recently published legal authority for the Court to consider, but rather contends the Court erred in its previous findings relative to the overall amount in controversy in this case.

First, Plaintiff contends the recoverable attorney's fees under *Olympic Steamship* could not conceivably reach $1,000,287.29.[1] Dkt. 29 at 1–6. In doing so, Plaintiff repeats her earlier argument that she has not pled a coverage dispute that warrants *Olympic Steamship* fees on behalf of the class. Even if she had alleged a coverage-dispute, Plaintiff once again contends the attorney's fees necessary to resolve any coverage-related issues would be for Plaintiff's claims alone and would be easily segregable from the attorney's fees associated with the remainder of the case.

Even if the Court were willing to reconsider the issue, the Court remains unpersuaded by Plaintiff's attempt to disclaim a coverage dispute in this case. *Olympic Steamship* "has been read

---

[1] Under *Olympic Steamship*, the prevailing party in an insurance coverage dispute may recover attorney's fees when the insurer improperly denied coverage. *King Cty. v. Vinci Const. Grands Projects*, 191 Wn. App. 142, 188 (2015) (citing *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 52 (1991)).

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 2

broadly by Washington courts" with a "narrow" exception for disputes over the value of the claim. *King Cty v. Vinci Const. Grands Projects*, 191 Wn. App. 142, 188 (2015). This limited exception only "applies where the surety or insurer acknowledges coverage, agrees to pay under the policy or bond, but disputes the value of the claim." *Id.* Where plaintiffs must "pursue legal action to obtain a determination that the policy cannot exclude coverage for diminished value," attorney's fees are appropriate under *Olympic Steamship*. 117 Wn.2d at 52; *Pacheco v. Oregon Mut. Ins. Co.*, 9 Wn. App. 2d. 816, 832 (2019); *Cheban v. State Farm*, 9 Wn. App. 2d. 1093, 2019 WL 3786514, at *4 (2019).

Here, Plaintiff's Complaint contains numerous references to the Defendants' allegedly impermissible denial of coverage for diminished value claims under their underinsured motorist property damage ("UMPD") policies as the factual basis underpinning Plaintiff's individual claims and her class-wide claims. *See* Dkt. 1-2 at ¶ 1.9 (alleging Defendants "attempted to exclude diminished value and did not disclose coverage for diminished value"); *id.* at ¶ 1.11 (asserting Defendants' claims adjuster denied coverage for Plaintiff's diminished value loss based on the language of the UMPD policy); *id.* at ¶ 1.12 (claiming Defendants "improperly exclude[] coverage for 'diminution in value'" in violation of Washington law); *id.* at ¶ 5.1 (alleging Defendants have a "uniform and common practice of excluding coverage for diminished value losses"); *id.* at ¶ 5.6(e) (declaring question of law as to "[w]hether [Defendants'] attempts to exclude diminished value from UMPD coverage violates RCW 48.22.030 or is otherwise void"); *id.* at ¶ 6.3 (claiming Defendants' "attempts to exclude coverage for diminished value violate RCW 48.22.030 and are otherwise void").[2] Plaintiff's

---

[2] Plaintiff alleges Defendants have admitted diminished value is a covered, non-excluded loss in a recently certified case, suggesting there is not a class-wide coverage issue in this case. Dkt. 29 at 4 n.2. Even if Defendants acknowledged diminished value coverage exists under the statute in other cases, the Complaint here alleges Defendants wrongfully denied diminished value coverage required her to pursue legal action on her behalf and on

class-wide breach of contract claim specifically alleges Defendants breached the contract by failing "*to cover* (and pay) diminished value damages" as required under the policy and Washington law. *Id.* at ¶ 6.3 (emphasis added). When considered as a whole, it is apparent from the face of the Complaint that *Olympic Steamship* applies to all Plaintiff's claims. *See also McGraw v. GEICO Gen'l Ins. Co.*, No. 3:16-cv-05876-BHS, 2017 WL 1386085, at *3–6 (W.D. Wash. Apr. 18, 2017).

As discussed in this Court's previous Order, the Defendants' denial of coverage is essential to all of Plaintiff's claims, and there is no evidence the coverage-related issues will be as easily segregated from the remainder of the case as Plaintiff suggests. Dkt. 27 at 15. Plaintiff argues any coverage-related issues will be easily resolved in a straightforward dispositive motion given the Washington State Court of Appeals decision in *Pacheco v. Oregon Mut. Ins. Co.*, 9 Wn. App. 2d. 816 (2019).[3] Dkt. 29 at 5 (citing *McGraw*, 2017 WL 1386085, at *4). In *Pacheco*, the court found the Washington underinsured motorist statute precluded express policy exclusions for diminished value coverage.[4] As a result, Plaintiff argues a dispositive motion would substantially limit the recoverable *Olympic Steamship* fees in this case. Dkt. 29 at 5 (citing *McGraw*, 2017 WL 1386085, at *4).

---

behalf of the class. This does not qualify for the narrow disputed value exception under *Olympic Steamship*, 117 Wn.2d at 52.

[3] Plaintiff relies heavily on the *Pacheco* decision in her Motion for Reconsideration, but the Court notes she did not rely on *Pacheco* in her previous briefing on recoverable *Olympic Steamship* fees.

[4] In addition to *Pacheco*, Plaintiff relies upon the decisions of the Washington Court of Appeals in *Kalles* and *Cheban* as finding "diminished value was a covered, non-excludable, UMPD loss." Dkt. 29 at 2 (citing *Kalles v. State Farm Mut. Auto. Ins. Co.*, 7 Wn. App. 2d 330 (2019); *Cheban v. State Farm*, 9 Wn. App. 2d. 1093, 2019 WL 3786514 (2019)). However, neither *Kalles* nor *Cheban* addressed underinsured motorist coverage for diminished value claims. Rather, *Kalles* and *Cheban* considered coverage for the insured's loss of use under their undersinsured motorist property damage policies and ruled in favor of the insured given the ambiguity in the policy provisions. *Kalles v. State Farm Mut. Auto. Ins. Co.*, 7 Wn. App. 2d at 332 (noting plaintiff's complaint alleged diminished value dispute and loss of use coverage, but plaintiff's partial summary judgment motion asserted loss of use arguments); *Cheban*, 2019 WL 3786514 at *1 n.1 ("Diminished value is not an issue on appeal.").

Having not yet received or considered the merits of Plaintiff's predicted dispositive motion, the Court remains skeptical that the resolution of this case will be as straightforward as Plaintiff suggests. Similar cases brought by Plaintiff's counsel suggest a pattern of litigation lending itself to actual fees significantly exceeding Plaintiff's estimates. *See McGraw*, 2017 WL 1386085, at *4 (finding coverage issue interrelated to all other issues could be resolved through a dispositive motion or be significantly greater given the pattern of litigation in similar cases). At this early stage, the Court cannot state conclusively that *Pacheco* excludes the possibility that "coverage issues will continue to be litigated through trial." *See Stone v. GEICO Gen. Ins. Co.*, 731 Fed. Appx. 688, 689 (9th Cir. 2018).

The fee award discussion in *Pacheco* corroborates this concern. Dkt. 2 at 60 ("Pacheco argues that he is entitled to attorney fees for both diminished value damages (which he won) and loss of use damages (which he lost) because his argument and authority applied equally to both claims. He argues: 'The only segregation possible would literally be the amount of time necessary to type 'and loss of use' after 'diminished value' whenever the two damages elements appeared in briefing.'"). Like *Pacheco*, the coverage-issues here appear to be intertwined with the remainder of the case, thereby complicating the segregation of fees. "Thus, for jurisdictional purposes, if it is possible that such segregation will not be feasible, the entire amount of attorney's fees should be included in calculating the amount in controversy." *Stone*, 731 Fed. Appx. at 689 (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (explaining that the amount in controversy includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them")).

To the extent Plaintiff relies upon the attorney's fees award in *Pacheco* to dispute the potential *Olympic Steamship* attorney's fees in this case, the Court finds the amount awarded in

*Pacheco* to be of limited value. *See* Dkt. 2 at 58–60. The attorney's fees award in *Pacheco* was awarded by the appellate court and limited to the attorneys' efforts on appeal. *Id.* The court noted the appellate briefs contained largely the same arguments and legal theories raised in the lower court, and the court further reduced fees given the mixed results on appeal. *Id.* As evidenced by the pattern of litigation in this case and others like it, the potential for attorney's fees is much greater at this early stage in litigation for the reasons set forth above. Accordingly, the Court denies Plaintiff's motion for reconsideration of potentially recoverable *Olympic Steamship* attorney's fees.

Second, Plaintiff seeks reconsideration of the Court's $5,370.67 potential claim value per class member determination. Plaintiff argues this amount was neither "based upon evidence or reasonable assumptions." Dkt. 29 at 6. In the Order denying remand, the Court concluded Defendants' $5,370.67 claim value estimate, based upon *Kleinsasser*, satisfied the preponderance of the evidence standard. Dkt. 27 at 10 (citing *Kleinsasser v. Progressive Dir. Ins. Co.*, C17-05499-BHS, 2018 WL 3471185, at *10 (W.D. Wash July 19, 2018)). In the Motion for Reconsideration, Plaintiff again argues this Court should follow the court's decision to remand in *Hessler* rather than the reasoning set forth in *Kleinsasser*. *Id.* (citing *Hessler v. Progressive Cas. Ins. Co.*, No. 3:22-cv-05904-RJB, Dkt. 34 at 8 (W.D. Wash. Feb. 15, 2023)); *see also* Dkt. 11 at 2; Dkt. 18 at 9.

In raising this argument, Plaintiff has not identified newly discovered evidence, a change in controlling law, or clear error. As previously noted, *Kleinsasser* provides a reasonable basis for calculating a potential claim value for the class members in this case based on "the same claims on behalf of the same class using the same theory of diminished value with the same experts offered as support." Dkt. 27 at 10 (citing Dkt. 15 at 21); *Kleinsasser,* 3471185 at *10

1  (W.D. Wash July 19, 2018). While the court in *Hessler* opted not to utilize the *Kleinsasser*

2  analysis, the *Hessler* opinion does not specify how the court reached its overall amount in

3  controversy determination or what claim value the court used in its calculation.[5] *See* Dkt. 27 at

4  10 n. 6 (citing *Hessler*, No. 3:22-cv-05904-RJB, Dkt. 34 at 8).

5        Moreover, Plaintiff understates the Ninth Circuit's reasoning in affirming *Kleinsasser* as

6  discussing "neither the evidence nor Judge Settle's reasoning," Dkt. 20 at 7 n. 1. Perhaps to the

7  contrary, a close reading of the opinion does appear to offer specific insight into the value-per-

8  claim assessment at issue here. Upon review, the Ninth Circuit determined Judge Settle

9  "*reasonably concluded* that Progressive submitted the best and most reliable evidence and that

10  the *average claim value should be $4,198.25*." *Kleinsasser v. Progressive Direct Ins. Co.*, No.

11  21-35351, 2022 WL 822192, at *1 (9th Cir. Mar. 18, 2022) (emphasis added). The Ninth Circuit

12  concluded Judge Settle had "*meticulously analyzed* the scope of the class and the evidence

13  presented to *reasonably determine* that the amount-in-controversy requirement was met." *Id.*

14  (emphasis added). While the opinion did not delve into the specifics or reiterate the analysis, the

15  Ninth Circuit explicitly endorsed Judge Settle's methodology and ultimate conclusions in an

16  action resembling the case at bar.

17        Defendants and this Court reasonably relied on the rationale in *Kleinsasser* rather than

18  *Hessler* to establish the potential recovery for individual class members in this case. *See* Dkt. 27

19  at 10. Plaintiff's motion for reconsideration essentially asks this Court to wholly revisit and

---

[5] In the pending Motion, Plaintiff's counsel quotes defense counsel in *Hessler* as describing their own expert's per-claim figure as "farfetched" during a hearing. Dkt. 29 at 7 (citing Dkt. 12-4 at 41:19); *see also* Dkt. 11 at 3, 19 ("Progressive's own counsel when challenged by Judge Bryan in oral argument conceded that the damages figure he was presenting was 'farfetched.'"). However, a further review of the transcript suggests defense counsel's statement pertained to the *Plaintiff's* expert, Mr. Harber. Dkt. 12-4 at 41:17–19 (Mr. Nelson: Mr. Harber made it an issue because that's how he created his formula. When I heard the testimony, I thought it was farfetched."); *see also Assaf v. Progressive Direct Ins. Co.*, 2024 WL 3935484, at *1 (W.D. Wash. Aug. 26, 2024) ("Progressive points out that its counsel's "farfetched" "admission" was directed to plaintiff's expert *Harber's* math….") (emphasis in original).

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 7

perhaps unwind its previous analysis of *Hessler* and *Kleinsasser*, and the Court declines to do so further herein. Accordingly, the Court denies Plaintiff's Motion for Reconsideration of its previous value-per-claim determination.

Local Civil Rule 7(h) governs motions for reconsideration filed in this Court, and simply put, the Rule does not allow for motions for reconsideration in response to an unfavorable ruling as a matter of course. Plaintiff's arguments here have either been made previously or could have been. While Plaintiff disputes the Court's amount in controversy determination, the amount in controversy in the underlying litigation "does not mean likely or probable liability; rather, it refers to possible liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020). As it stands, there exists a possibility the amount in controversy will exceed the jurisdictional threshold for jurisdiction under the Class Action Fairness Act.

For these reasons, Plaintiff's Motion for Reconsideration is **DENIED**.

Dated this 16th day of December, 2025.

Grady J. Leupold
United States Magistrate Judge