UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ASHLEY MILLER,

                        Plaintiff,

        v.

ECONOMY PREFERRED INSURANCE
COMPANY, *et al.*,

                        Defendants.

CASE NO. 3:25-cv-05518-GJL

ORDER DENYING IN PART
DEFENDANTS' MOTION TO
COMPEL AND DIRECTING
SUPPLEMENTAL BRIEFING

Defendants Economy Preferred Insurance Company ("Economy") and Foremost Insurance Company Grand Rapids, Michigan ("Foremost") (collectively, "Defendants") move to compel further responses to their interrogatories and requests for production sent to Plaintiff Ashley Miller. Dkt. 35. Defendants ask the Court to overrule Plaintiff's current objections to those requests as waived because Plaintiff failed to timely respond. *Id*. In Plaintiff's Response (Dkt. 37) and Defendants' Reply (Dkt. 39), the parties appear to dispute the scope of pre-certification discovery.

Based on the Motion to Compel, Plaintiff's Response (Dkt. 37), Defendants' Reply (Dkt. 39), and the balance of the record, the Court **DENIES in part** the Motion to Compel (Dkt. 35),

ORDER DENYING IN PART DEFENDANTS' MOTION TO COMPEL AND DIRECTING SUPPLEMENTAL BRIEFING - 1

as explained herein, and directs counsel for the parties to **FILE supplemental briefing** to define the scope of the pre-certification discovery phase and that scope as applied to the discovery requests at issue in Defendants' Motion to Compel.

## I.    BACKGROUND

The parties are familiar with the claims and allegations underlying this case, and the Court summarizes them here only in brief. On December 6, 2024, an uninsured driver struck Plaintiff's vehicle and caused significant physical damage. *See* Dkt. 1-2. At the time, Plaintiff was covered by an automobile insurance policy held by Defendants that included an underinsured motorist property damage ("UMPD") policy. *Id.* Plaintiff alleges Defendants paid for the physical repair of her vehicle but did not disclose to Plaintiff that her UMPD policy also provided coverage for diminished value. *Id.*

On April 28, 2025, Plaintiff filed an Amended Class Action Complaint against Defendants in Pierce County Superior Court for the State of Washington, alleging a single breach of contract claim on behalf of a putative class as well as an individual Washington Consumer Protection Act ("WCPA") claim against Defendants. Dkt. 1-2. On June 12, 2025, Defendants removed the matter to this Court asserting original jurisdiction over Plaintiff's class-wide breach of contract claim under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and diversity jurisdiction over Plaintiff's individual WCPA claim under 28 U.S.C. § 1332(a)(1). On July 12, 2025, Plaintiff filed a Motion to Remand challenging this Court's subject matter jurisdiction, specifically challenging whether Plaintiff's claims reached the amount in controversy threshold required for both CAFA and diversity jurisdiction. Dkt. 11. Defendants opposed the Motion. Dkt. 15. After directing and receiving supplemental briefing, the Court denied Plaintiff's Motion to Remand on November 10, 2025. Dkt. 27.

After the Court denied Plaintiff's Motion for Reconsideration of that Order (*see* Dkt. 30), the parties filed a Joint Status Report ("JSR") on December 20, 2025, notifying the Court among other things that they had participated in a Rule 26(f) conference on December 3, 2025. Dkt. 31 at 2–3. As a result of that conference, the parties requested the Court bifurcate discovery into two phases, with the first phase relating to Plaintiff's anticipated class certification motion and the second phase addressing the "full merits discovery." *Id*. On January 8, 2026, the Court entered an Order adopting the parties' proposed schedule for class-related discovery and class certification briefing, and noted that further case schedule deadlines would be set after a ruling on the anticipated motion for class certification. Dkt. 32. Accordingly, the current deadline for completion of class-related expert discovery is February 26, 2027. *Id*.

According to Defendants, on December 19, 2025, they served on Plaintiff their first set of interrogatories and Requests For Production ("RFP"). Dkt. 35 at 2. Plaintiff did not respond to the requests by their due date on January 20, 2026. *Id*. After counsel for Defendants inquired twice about the status of the responses via email, once on February 2, 2026, and again on February 25, 2026, Plaintiff ultimately served responses and objections to the requests on March 3, 2026. *Id*. at 2–3.

However, on March 13, 2026, Defendants sent Plaintiff a deficiency letter outlining concerns with Plaintiff's responses and objections while also requesting a meet-and-confer. *Id*. at 3. After failing to receive a response, Defendants again reached out to Plaintiff on March 24, 2026, to schedule a meet-and-confer. *Id*. On April 2, 2026, Defendants emailed Plaintiff regarding additional deficiencies to discuss at a meet-and-confer. *Id.* The parties conferred on April 14, 2026, but were unable to reach an agreement with respect to Interrogatory Nos. 5, 12, and 13 and RFP Nos. 37–43 and 45–51. *Id*.

ORDER DENYING IN PART DEFENDANTS' MOTION TO COMPEL AND DIRECTING SUPPLEMENTAL BRIEFING - 3

On April 27, 2026, Defendants filed the instant Motion requesting the Court compel Plaintiff to provide substantive answers and documents in response to the discovery requests listed above. Dkt. 35. As a threshold matter, Defendants contend the Court should overrule any objections to their discovery requests because Plaintiff waived such objections by failing to timely respond and object to the requests. *Id*. at 4–5. Defendants further argue that Plaintiff should be compelled to provide substantive responses to several interrogatories and requests for production. *Id*. at 5–11.

For her part, Plaintiff contends there is no waiver because Defendants served their requests before the filing of the JSR and entry of the Court's January 8, 2026, Scheduling Order. Dkt. 37 at 5–9. In the alternative, Plaintiff contends she has demonstrated good cause to excuse the delay in responding to the requests. *Id*. at 9. Plaintiff further argues that the discovery requests at issue "are merits issues bifurcated from class certification." *Id.* at 7.

## II.    DISCUSSION

### A.    Waiver of Objections to Discovery Requests

It is undisputed that Plaintiff did not respond to Defendants' December 19, 2025, discovery requests until March 3, 2026, over two months past the deadline to respond. *See* Dkt. 35 at 4; Dkt. 37 at 2; Dkt. 36, J.M. Poligo Dec., Ex. A. Defendants ask the Court to overrule all of Plaintiff's objections as having been waived due to the delay.

Rule 34(a) of the Federal Rules of Civil Procedure requires a party to whom a request is directed to "respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). The response must state either, that the document will be provided for inspection as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B). Rule 33(b)(4), regarding responses to interrogatories, states "[a]ny ground not stated in a timely

ORDER DENYING IN PART DEFENDANTS' MOTION TO COMPEL AND DIRECTING SUPPLEMENTAL BRIEFING - 4

objection is waived unless the court, for good cause, excuses the failure." Unlike Rule 33, Rule 34 does not provide that a responding party waives an objection not timely stated. *Compare* Fed. R. Civ. P. 33(b)(4) *with* Fed. R. Civ. P. 34(b)(2)(C); *see also Curtis v. Illumination Arts, Inc.*, No. C12-0991JLR, 2013 WL 12069048, at *2 (W.D. Wash. Feb. 20, 2013).

Nonetheless, courts addressing the issue have concluded that "the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34." *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn.2012); *see also Industrial Risk Insurers v. D.C. Taylor Co.*, 2008 WL 2219932 (N.D. Iowa 2008) at *4.

The Court finds that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34. Additionally, the Court finds good cause to excuse Plaintiff's late response. Although the parties dispute the timing of the deadline for responses to Defendants' December 19, 2025, discovery requests, there is no evidence Plaintiff acted in bad faith or that Defendants have been prejudiced. Moreover, this is not a case where a party has not responded despite court intervention or failed entirely to respond. Accordingly, the Court **DENIES** Defendants' request to overrule Plaintiff's objections based on timeliness.

The Court reminds the parties that timeliness is a critical aspect of the discovery process. The parties are strongly encouraged to meet and confer and to make good faith efforts to resolve any discovery dispute before contacting the Court.

**B.      Motion to Compel**

As noted above, this case is currently proceeding with a bifurcated discovery schedule. *See* Dkt. 32. In light of this schedule, the early timing of the instant discovery dispute, and the nature of Plaintiff's objections that the discovery requests at issue "are merits issues[,]" the Court finds it necessary to explore the scope of pre-certification discovery before deciding this Motion.

ORDER DENYING IN PART DEFENDANTS' MOTION TO COMPEL AND DIRECTING SUPPLEMENTAL BRIEFING - 5

*See* Dkt. 37 at 7. By establishing the scope of pre-certification discovery at this time, the Court strives to ensure all discovery in this case proceeds efficiently and effectively.

Turning to the instant Motion to Compel, the Court directs the parties to propose a scope for the class certification discovery phase such that discovery is narrowly tailored to the contested aspects of the certification inquiry under Federal Rule of Civil Procedure 23. The parties should support their arguments with relevant case law and identify subject matters relevant to each phase of the current bifurcated discovery schedule. The parties are further directed to apply their proposed scope to each interrogatory and request for production at issue in Defendants' Motion to Compel (Dkt. 35) in support of why or why not the discovery request is relevant to the certification inquiry and should be compelled. The parties should identify those issues that are stipulated solely for the purposes of the class certification discovery phase, if any.

Lastly, the Court takes seriously the mandate that discovery must be proportional to the needs of the case. The Court cautions that "[a]rbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes." *See* 21.14. Precertification Discovery, Ann. Manual Complex Lit. § 21.14 (4th ed.). Moreover, the parties should only file future motions to compel, motions for protective orders, or requests for sanctions once the parties have exhausted their good faith efforts to resolve the discovery dispute.

### III.   CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendants' request to overrule Plaintiff's objections to their discovery requests based on timeliness. Therefore, the Motion to Compel (Dkt. 35) is **DENIED in part**. Further, as described herein, the Court **ORDERS** supplemental briefing on the Motion to Compel (Dkt. 35) as follows:

ORDER DENYING IN PART DEFENDANTS' MOTION TO COMPEL AND DIRECTING SUPPLEMENTAL BRIEFING - 6

1.       Plaintiff shall **FILE** a supplemental brief by **July 17, 2026**.

2.       Defendants shall **FILE** a response to Plaintiff's supplemental brief by **July 31, 2026**.

3.       Plaintiff may **FILE** a reply to Defendants' response by **August 7, 2026**.

The Clerk shall **RENOTE** Defendants' Motion to Compel (Dkt. 35) for consideration on the Court's calendar for **August 7, 2026**.

Dated this 26th day of June, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER DENYING IN PART DEFENDANTS' MOTION TO COMPEL AND DIRECTING SUPPLEMENTAL BRIEFING - 7